# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

LUIS D. MEDINA,
        Plaintiff,

        v.                                        Civil Action No. 13-40120-TSH

COMMONWEALTH OF MASSACHUSETTS, et al.,
        Defendants.

## MEMORANDUM AND ORDER

**HILLMAN, D.J.**

For the reasons set forth below: (1) Plaintiff's Motion to Proceed *in forma pauperis* (#2) is ALLOWED; (2) within 35 days of the date of this Memorandum and Order Plaintiff shall show cause why this action should not be dismissed, or in the alternative, he shall file an amended complaint curing the pleading deficiencies noted herein; and (3) no summonses shall issue pending further Order of the Court.

## I.    BACKGROUND

Plaintiff Luis D. Medina ("Medina"), a resident of Worcester, Massachusetts, initiated this action by filing a self-prepared complaint accompanied by 148 pages of exhibits. *See* Complaint ("Compl."). With the complaint, Medina filed an Application to Proceed In District Court Without Prepaying Fees or Costs and a Motion for Appointment of Counsel. *See* Docket Nos. 3 - 4. The complaint identifies the following defendants as (1) the Commonwealth of Massachusetts; (2) Britain and the United States Bay State Access; (3) the City of Worcester; (4) Glickman, Sugarman, Kneeland & Bribouski, Attorneys at Law; (5) the Worcester Police Department Accident Records Department; (6) the Worcester Regional Transit Authority Bus; (7) the Hanover Insurance Company Citizens Insurance Company of America; (8) Liberty Mutual

Insurance; (9) UMass Memorial Medical Center; (10) San Vincent Hospital; (11) Food and Drug Administration (FDA); (12) The Commonwealth of Massachusetts Executive Office of Labor and Workforce Development; and (13) President Barack Obama. *Id.* at p. 1-3. On pages 5 and 6 of the complaint, names of 27 additional defendants are listed and they include the U.S. Department of Agriculture, Mexico, Arizona, Europa, New Amsterdam, the U.S. Attorneys Office, the U.S. Secret Service, A.T.F., Church of Jesus Christ, Demir metalcraft, Lutgo, Inc., Curtis Plus Factory, and CVS. *Id.* at p. 5-6.

The factual allegations in the complaint are found on pages seven through nine of the ten-page complaint. *Id.* at p. 7-9. The 148 pages of exhibits consist of medical, financial and legal documents. As best can be gleaned from the complaint, Medina was involved in automobile accidents in 1995 and 2009. Once of the accidents occurred while he was employed by Rand Whitney. Plaintiff alleges that he was subjected to a "practice of harassment [through the] 'Obama Care' [law] of the President of the United States of America Barack Hussein Obama and the Health Reform Law 'micro chip' implanted on the right arm to the elbow causing pain and discomford (sic) in that area without giving any warning." *Id.* at p. 9. Plaintiff further alleges that "the defendants using all kinds of wichcraft (sic) harassed pursued whith (sic) intent to injure and [harm plaintiff and his family in Puerto Rico, New York, Massachusetts, and the Dominican Republic]." *Id.* Medina has reprinted on page 7 of the complaint language for entering an "automatic restraining order" against the defendants. *Id.* at p. 7. For relief, plaintiff seeks "damages and legal malpractice and medical malpractice and other negligence" as well as "payment for research by *public* and private agencies for 33 billion dollar and all assets employment, self employment, unemployment, supplemental security income, welfare, pension

funds, IRA, KEOGH of or other retirement and investment accounts, petro bonds, gold, silver, houses, works of art, visual and pain." *Id.* at p. 9.

## II. APPLICATION TO PROCEED IN DISTRICT COURT COURT WITHOUT PREPAYING FEES OR COSTS

With his complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Docket No. 3. Based upon the financial disclosures in the Application, Medina demonstrated sufficiently that he lacks funds to pay the filing for this action. Accordingly, his Application is allowed.

## III. SCREENING

Because Plaintiff has sought to proceed without the prepayment of the filing fee, the matter is subject to review to determine if it satisfies the requirements of Section 1915 of Title 28, the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2).

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" *Decotiis v. Whittemore*, 635 F.3d 22, 29 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007)). To determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss, the Court "employ[s] a two-pronged approach."

*Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011). "The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." *Id.* The second prong is to assess whether the factual allegations "'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 159 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). If they do, "the claim has facial plausibility." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Soto-Torres*, 654 F.3d at 159 (quoting *Sepúlveda-Villarini v. Dep't. of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010)).

In conducting the preliminary screening, plaintiff's pro se pleadings are construed generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). The Complaint is also construed in accordance with Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under a broad reading of the Complaint, however, the Court finds this action is subject to dismissal for the reasons stated below.

## IV. DISCUSSION

### A. Failure to Comply With the Pleading Requirements of the Federal Rules of Civil Procedure

As filed, the complaint does not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) governs the substance of a pleading, and requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the

4

claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Development,* 421 F.3d 1, 5 (1st Cir. 2005).

In the instant case, the factual allegations are contained in eleven hand-written paragraphs and are generally confusing. The allegations are vague as to the specific actions alleged to have been carried out by each defendant and the corresponding claims against each one. A majority of the defendants named are not identified in plaintiff's facts, and it is unclear what claims he seeks to assert against those defendants. Plaintiff fails to identify specific alleged wrongdoings by each defendant, such as the dates of the alleged wrongdoing and the specific circumstances. These pleading deficiencies are fatal at this juncture, and the Court cannot permit this action to proceed as pled. Accordingly, in light of the Rule 8(a) pleading deficiencies, this action is subject to dismissal.

  B.  Failure to State a Claim
     <u>Upon Which Relief May Be Granted</u>

In addition to the general pleading deficiencies noted above, the complaint fails to provide any legal authority to support a claim for relief. The Court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity"

5

jurisdiction, respectively. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962).

Here, it does not appear that the Court has subject matter jurisdiction over this action. Jurisdiction does not exist under Section 1331 because Medina has not identified a cause of action under federal law. To the extent Medina asserts claims of negligence and/or legal and medical malpractice, such claims are under state law, not federal law. Jurisdiction does not exist under Section 1332 because he has not alleged that the parties reside in different states or that the amount in controversy exceeds $75,000.

    C.    <u>Order to Show Cause</u>

In light of the above, this action will be dismissed within 35 days from the date of this Memorandum and Order unless Medina demonstrates good cause why this action should not be dismissed, or files an amended complaint. Failure to comply with this directive will result in a dismissal of this action. No summonses shall issue pending further Order of this Court.

**V.    CONCLUSION**

Based on the foregoing, it is hereby Ordered that:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 3) is ALLOWED ;

2. The Motion for Appointment of Counsel (Docket No. 4) is DENIED;

3. Within 35 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause why this action should not be dismissed or file an amended complaint that cures the pleading deficiencies stated herein; and

4. No summons shall issue pending further Order of the Court.

SO ORDERED.

                                                   /s/ Timothy S. Hillman
                                                  TIMOTHY S. HILLMAN
                                                  UNITED STATES DISTRICT JUDGE

DATED:8/14/15